HÉCTOR MANUEL ROBLES ROQUE, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE HUMACAO, HON. LUIS PEREYÓ, JUEZ, querellado.

*Número:* CE–62–12     *Resuelto:* 20 de noviembre de 1962

*Félix A. Ramos Cabán,* abogado del peticionario; *Arturo Estrella, Procurador General Interino* y *Jorge Segarra Olivero, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: El peticionario fue denunciado ante el Tribunal de Distrito, Sala de Humacao, por una infracción al párrafo Tercero de la Sección 1 de la Ordenanza Núm. 17, aprobada el 24 de febrero de 1961 por el Municipio de Las

Piedras, consistente dicha violación, según el texto de la denuncia, en que a las 6:30 de la tarde del 26 de agosto de 1961 y "en la salida a San Lorenzo, esquina con calle Barbosa de Las Piedras, . . . se encontraba en completo estado de embriaguez alcohólica dando tumbos y zig-zags y molestando a los viandantes y demás vecinos del referido lugar con su conducta impropia y desordenada de borracho." [1]

También se denunció al peticionario por una infracción a la Ley de Armas, consistente en que en el mismo sitio, a la misma fecha y hora, portaba y conducía sobre su persona, para fines de ofensa y defensa, un cuchillo de mesa con hoja de 7 pulgadas de largo y 1 ¼ pulgadas de ancho, arma capaz de causar daño corporal y hasta la muerte de un ser humano, alegándose en la denuncia que al portar dicha arma el acusado no lo hacía con motivo ni en ocasión de ejercer profesión, ocupación, deporte, arte u oficio.

Los casos fueron juzgados en sus méritos conjuntamente y el Tribunal de Distrito lo halló culpable en ambos casos, imponiéndole en el primero una multa de $5.00 y en el segundo una pena de seis meses de cárcel.

En apelación el Tribunal Superior, Sala de Humacao, confirmó ambas sentencias. Expedimos un auto para revisar este último fallo.

En su alegato el peticionario imputa como primer error al Tribunal demandado el haber interpretado erróneamente el Artículo 4 de la Ley de Armas, porque el cuchillo en cuestión era un instrumento de trabajo que se portaba incidentalmente y en ocasión y con motivo de la labor que desempeñaba el peticionario como matarife o empleado del matadero municipal de Las Piedras.

---

[1] El párrafo tercero de esa Ordenanza dice como sigue:

"Se prohibirá con todo vigor y será ilegal la presencia en la plaza pública de las tertulias de las personas que se dedican a ingerir cualquier clase de bebida embriagante; *disponiéndose que se prohibe, además, la presencia en los sitios públicos de la ciudad de borrachos, locos y mujeres escandalosas siempre que no se conduzcan decentemente.*" (Énfasis suplido.)

El segundo y último error consistió, según el peticionario, en haber interpretado el Tribunal Superior el párrafo tercero de dicha Ordenanza en el sentido de entender "que bajo la misma el delito se comete por el único hecho de estar un ciudadano borracho."

## I

1. El primer error no fue cometido. La prueba de El Pueblo demostró que entre seis y seis y media de la tarde del 21 de agosto de 1961, el denunciado estaba "borracho" en un sitio público del pueblo de Las Piedras; que sobre su persona tenía un cuchillo de las dimensiones indicadas en la denuncia; que con él estaba la señora Dolores Álvarez, su testigo y amiga; que un ciudadano, de nombre Francisco Colón, se quejó al policía Marcelino Gerena de la conducta del denunciado y con motivo de esa queja el policía Gerena fue al sitio donde se encontraba aquél y le ocupó al denunciado el cuchillo "en los momentos en que éste se lo entregara a Esperanza Álvarez, procediendo entonces a arrestarlo."

Si bien es cierto que el propio Artículo 4 de la Ley de Armas no prohíbe la portación o conducción de las armas que menciona "cuando se portaren o condujeren en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación, u oficio", aquí quedó satisfactoriamente demostrado, sin que el denunciado probara lo contrario, que éste había terminado su trabajo de matar y pelar reses en el pueblo de Las Piedras, ese día como a las cinco de la tarde, trabajo en el que utilizaba ese cuchillo; que a partir de entonces había transcurrido hora y media sin que él hubiese regresado a su hogar; que en algún sitio entre el matadero y el pueblo, o ya en el mismo pueblo, él se había dado a la tarea de ingerir licor, en vez de irse directamente a su casa; que durante todo ese tiempo él portaba y conducía sobre su persona ese cuchillo, dejando de estar ya el

arma "en ocasión de su uso como instrumento propio" de su ocupación u oficio de matarife. ■

Debemos concluir que cuando el policía lo sorprende pasando el cuchillo a su amiga, en un sitio público, se había colocado fuera de la protección que la ley le ofrecía respecto a ese cuchillo mientras lo estuviera portando o conduciendo en ocasión de su uso como instrumento propio de su oficio.

Si fue cierto, como dijo la señora Álvarez, que el denunciado, antes de que el policía llegara, le había entregado el cuchillo para que se lo llevara a su casa, esta circunstancia, este encargo, lo que demuestra es la existencia de la intención que él tenía de no regresar por entonces a su hogar. ■

## II

2. A nuestro juicio el segundo error fue cometido. Todo lo que el policía declaró respecto a la denuncia por infracción a la Ordenanza Municipal, fue que "al llegar al sitio encontró el acusado borracho . . . ". La Ordenanza prohibe la presencia en sitios públicos de borrachos, locos y mujeres escandalosas que no se conduzcan decentemente. Este elemento de conducta no fue en forma alguna probado. El simple hecho de encontrarse borracho un ciudadano no está penalizado por esa ordenanza.(2)

*Por lo expuesto se modificará la sentencia del Tribunal Superior, Sala de Humacao, para dejarse sin efecto en cuanto confirma la dictada por el Tribunal de Distrito, Sala de Humacao, declarando culpable al denunciado en el caso Núm. 61–1055, sobre Infracción a la Ordenanza Municipal de Las Piedras, Núm. 17, aprobada el 24 de febrero de 1961, y se confirmará en cuanto la misma confirma la dictada por el Tribunal de Distrito, Sala de Humacao, el 16 de noviembre de 1961, en el caso contra el peticionario, Núm. 61–1056, sobre Infracción al Artículo 4 de la Ley de Armas de Puerto Rico.*

(2) El Procurador General acepta en su alegato—págs. 7–9—que este segundo señalamiento de error está bien planteado y que se allana al mismo exponiendo que los hechos denunciados no fueron probados en ese caso.