EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ DOLORES GIRONA ESTEVES, acusado y apelante.

Número: CR-67-155    Resuelto: 14 de diciembre de 1967

*E. Armstrong de Watlington, Enrique Miranda Merced* y *Julio García Antique,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

Al apelante se le llamó a juicio bajo acusación de tentativa de hurto de uso y de infracción al Art. 4 de la Ley de Armas. Aceptó su culpabilidad en cuanto a la tentativa de hurto de uso y sometió el caso de la infracción a la Ley de Armas por el expediente fiscal y una estipulación de lo que declararía un agente. El 25 de agosto de 1965 fue convicto y sentenciado a seis (6) meses de cárcel por el arma. En apelación un único señalamiento de error es que no se probó el delito porque el objeto ocupado al apelante fue un destornillador corriente de estrías.

Dispone el Art. 4 de la Ley Núm. 17 de 19 de enero de 1951, de la siguiente manera:

"Toda persona que posea, porte o conduzca cualquier arma de las comúnmente conocidas como 'black jacks', cachiporras o manoplas; toda persona que porte o conduzca cualquier arma de las conocidas como cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón o cualquier instrumento similar, y excepto cuando se portaren o condujeren en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación u oficio, e incluyendo además las hojas de navajas de afeitar de seguridad y garrotes cuando éstos se sacaren, mostraren o usaren en la comisión de un delito público o en la tentativa de cometerlo; y toda persona que usare contra otra cualquiera de las armas nombradas anteriormente en este artículo será culpable de delito menos grave (*misdemeanor*), y si ha sido convicta previamente de cualquier infracción a esta Ley, o de cualquiera de los delitos especificados en el artículo 17 de la misma, será culpable de delito grave (*felony*)."

Sostiene el apelante que no procede considerar el objeto ocupado como similar a un punzón porque también serían armas, debido a su diseño, muchos otros objetos e instrumentos de uso corriente.

La disposición de ley anteriormente transcrita penaliza la portación o conducción de un cuchillo, puñal, daga, espada . . . estilete, punzón *o cualquier instrumento similar* a menos que se portaren o condujeren en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación u oficio. . . .

El instrumento que tradicionalmente hemos conocido como destornillador normalmente ha sido uno redondo con cabo, cuyo otro extremo lo constituye un plano achatado con su eje horizontal perpendicular a su eje vertical. No termina en filo, de modo que pueda hacer fuerza contra la ranura de la cabeza del tornillo. Más recientemente ha surgido otro tipo de instrumento similar para ser usado con determinada clase de tornillos, que también es redondo con cabo pero cuyo otro extremo es igualmente redondo y puntiagudo, en lugar

de achatado, y contiene estrías. El instrumento que se ocupara al apelante ofrecido en evidencia y que tenemos a la vista corresponde a esta última descripción.

El vocablo "punzón" se deriva de punta y de punzante. Según Cabanellas—Diccionario de Derecho Usual—punzante es aquello que punza o que hiere de punta. Puñal es, según este autor, aquella arma ofensiva que solo hiere de punta. Caseres en su Diccionario Ideológico de la Lengua Española define punzón como un instrumento de hierro puntiagudo para abrir agujeros, y punzar como el acto de herir de punta.

El·Art. 4 de la Ley de Armas es bien amplio y comprensivo. Incluye como armas, aun objetos de uso corriente como lo es un cuchillo, excepto cuando se portaren o condujeren en la ocasión estatuida por el propio artículo. No tenemos la menor duda que el instrumento ocupado al apelante, ·aunque corrientemente se conozca como un destornillador de estrías, es muy similar a un punzón. No solamente en cuanto a su forma sino que también tiene la misma característica del punzón y del puñal, o sea, que de atacarse a una persona con este instrumento sólo podría herírsele de punta. (¹)

El apelante sometió su caso por el expediente fiscal y por una estipulación de lo que declararía el agente. Surge de ese expediente que un detective observó al apelante y a otro individuo manipulando dentro de un automóvil estacionado. Sabía que ambos tenía récord penal y sospechó trataban de hurtar el vehículo. Se acercó, y al verlo el apelante se dio a la fuga. El otro individuo sacó una cuchilla plegadiza, resistió el arresto hiriendo en la mano al detective, y huyó. El detective obtuvo auxilio de otro policía quien persiguió al atacante siendo atacado a su vez con la cuchilla por éste.

---

(¹) El hecho de que hayamos comparado la descripción de este instrumento llamado destornillador de estrías con el otro tipo de destornillador achatado no implica que anticipamos ahora criterio en cuanto a cuál sería nuestro dictamen en el caso de este segundo tipo de destornillador no puntiagudo, de portarse o conducirse en circunstancias similares.

Por fin lo capturaron. Al apelante también le dieron alcance, y al registrarlo tenía el instrumento aquí envuelto.

Claramente el apelante no portaba o conducía este instrumento en ocasión de un deporte, oficio, ocupación, como dice la ley, que no fuera su particular oficio ilegal.

*Ante las precedentes consideraciones, se confirmará la sentencia apelada.*

El Juez Asociado Señor Belaval no intervino.

