REPARTO INDUSTRIAL CORUJO, INC., demandante y recurrida, *v.* CABRERA DISTRIBUTORS, INC., demandada y recurrente.

Número: R-81-25    Resuelto: 27 de marzo de 1981

PER CURIAM: Se solicita la reconsideración de una resolución en la que nos negamos a expedir un recurso para revisar una sentencia del Tribunal Superior, Sala de Bayamón, que declara con lugar un desahucio por falta de pago.

Se expone en la referida moción que "[d]e no ser revisada y eventualmente revocada la Sentencia dictada por el Honorable Tribunal de Instancia, se estaría forzando un tremendo absurdo —que por su sin razón provoca una manifiesta injusticia contra la parte demandada-recurrente. Se estaría forzando al compareciente a que, para evitar el desahucio, cumpla con un nuevo contrato de arrendamiento bajo términos *no convenidos* (i.e. renta de $3.50 p/c, vencimiento de mes a mes, etc.) cuya existencia el propio Tribunal ha reconocido que no ha sido probada, al señalar, y citamos:

'Sobre el particular la prueba fue contradictoria. El Sr. Germán Corujo manifestó que en dicha reunión no se negoció ningún canon de arrendamiento mientras que el señor Primitivo Cabrera testificó que el canon de arrendamiento era de $2.00 por los posteriores tres años. *El Tribunal le da crédito al testimonio de la parte demandante de que no hubo consenso de voluntades sobre el canon de arrendamiento. . . .' ".*

Lo expresado no es correcto. Se suprime parte de una cita de la sentencia que dictó el Tribunal Superior. Precisamente la que demuestra que la recurrente no tiene razón:

9. El día 8 de enero de 1978, la parte demandante nuevamente le recordó por escrito a la parte demandada que el contrato de arrendamiento suscrito entre usted y Reparto Industrial Corujo, Inc. vencía el día 31 de enero de 1980. A partir de esta fecha y por el tiempo que usted permanezca usando las facilidades del Edificio Núm. 27-A el canon de arrendamiento será a base de $3.50 por pie cuadrado mensual. Posteriormente, a la susodicha comunicación las partes se reunieron el día 20 de enero de 1980 para llegar a un acuerdo sobre el canon de arrendamiento.

Sobre el particular la prueba fue contradictoria. El Sr. Germán Corujo manifestó que en dicha reunión no se negoció ningún canon de arrendamiento mientras que el señor Primitivo Cabrera testificó que el canon de arrendamiento era de $2.00 por pie cuadrado los primeros dos años y $2.50 por los posteriores tres años. El Tribunal le da crédito al testimonio de la parte demandante de que no hubo consenso de voluntades sobre el canon de arrendamiento. *Lo que instó a la parte demandante [a] cursarle un telegrama a la parte demandada fechado 25 de enero de 1980 en [el] cual confirmaba la carta fechada 8 de enero de 1978. El contrato de arrendamiento entre las partes sería de mes a mes.*

10. *El señor Primitivo Cabrera González testificó que no contestó las cartas aludidas por estar en comunicación con el señor Germán Corujo. El Tribunal entiende que ello no es excusa para contestar las comunicaciones. Por lo tanto, el Tribunal concluye que con dicha actitud la parte demandada consintió al nuevo canon de arrendamiento.*

11. *Expirado el contrato de arrendamiento el día 31 de enero de 1980, la parte demandada continuó ocupando la propiedad, prorrogándose el contrato de arrendamiento entre las partes de mes a mes con un canon de arrendamiento de $3.50 por pie cuadrado mensual, o sea, $4,095.01 mensuales.* (Lo que aparece en bastardillas es lo suprimido.)

Es claro, pues, que el contrato venció el 31 de enero de 1980, y que desde dos años antes se le comunicó a los demandados que el nuevo canon sería de $3.50 el pie cuadrado. Cuando en la reunión celebrada no se pusieron de acuerdo, esto motivó a la arrendadora a ". . . cursarle un telegrama a la parte demandada fechado 25 de enero de 1980 en [el] cual confirmaba la carta fechada 8 de enero de 1978. El contrato de arrendamiento entre las partes sería de mes a mes". Si la parte demandada no logró que la arrendadora modificara el canon exigido, tenía que satisfacerlo o desalojar el inmueble.

Eso surge meridianamente claro de la sentencia recurrida. La representación legal de la demandada debe siempre recordar lo establecido en el Canon 35 de los de Ética Profesional al efecto de que "[e]s impropio variar o distorsionar las citas jurídicas, suprimir parte de ellas para transmitir

una idea contraria a la que el verdadero contexto establece u ocultar alguna que le es conocida" así como lo expresado en *Rundle* v. *Fraticelli,* 60 D.P.R. 255, 258 (1942): "Esta es una práctica censurable que no debe adoptarse por un letrado ante ninguna corte y menos aún ante esta Corte Suprema."

*Por las razones anteriormente expuestas, se declarará sin lugar la moción de reconsideración.*