EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* ROBERTO LEBRÓN BONES, acusado y recurrido.

*Número:* O-80-579          *Resuelto:* 27 de marzo de 1981

*Héctor A. Colón Cruz, Procurador General,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados del peticionario; *José M. Aponte Jiménez* y *Edwin R. Bonilla Vélez,* abogados del acusado.

### SENTENCIA

El Estado trae este *certiorari* para revisar la decisión del Juez Superior Señor Arbona Torres, de la Sala de Caguas, suprimiendo el testimonio de Leticia Pérez Martínez, única testigo de identificación del acusado en este caso por imprudencia crasa al conducir. Infr. Art. 87 Código Penal, 33 L.P.R.A. sec. 4006. La contestación del recurrido a nuestra orden para mostrar causa de 15 enero, 1981 no inclina el Tribunal hacia su posición.

Hubo una identificación por fotografía cuando ya el acusado era sospechoso, la cual no es admisible por no haberse

cumplido las formalidades de la Regla 252.2 de Procedimiento Criminal. Luego la testigo ratificó la identificación en rueda de detenidos (*lineup*) en la que el acusado estuvo representado por abogado, quien no tuvo objeción al procedimiento. De modo que no había cuestión de puro derecho que justificara al juez en suprimir la evidencia. El magistrado hizo una evaluación factual de dicho testimonio a la luz de los criterios de *Pueblo* v. *Peterson Pietersz*, 107 D.P.R. 172 (1978), y hasta concluyó que el factor sugerente de las fotos había viciado la confiabilidad de la identificación en *lineup*. Esta es materia de *hechos*, parte de la prueba que al jurado o a otro juez constituido en tribunal de derecho le corresponde aquilatar y adjudicar en el juicio. Como se dijo en *Manson* v. *Brathwaite*, 432 U.S. 98, 116 (1976), "prueba con algún elemento indigno de confianza es grano de todos los días para el molino del jurado".

Con estos antecedentes y fundamentos, se expide el auto de *certiorari*, se anula la resolución de Caguas de 9 septiembre, 1980 suprimiendo la prueba de identificación y se remite el caso a juicio.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Irizarry Yunqué emitió voto disidente al cual se une el Juez Presidente Señor Trías Monge. El Juez Asociado Señor Negrón García concurrió en el resultado sin opinión.

(Fdo.) Ernesto L. Chiesa

*Secretario*

—O—

Voto disidente del Juez Asociado Señor Irizarry Yunqué al cual se unió el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 27 de marzo de 1981

Disiento respetuosamente. La determinación sobre la admisibilidad del testimonio de identificación del acusado es una

cuestión mixta de hecho y de Derecho. Corresponde al juez determinar, como cuestión de Derecho, si la identificación es confiable y no envuelve una violación del debido proceso de ley. *Pueblo* v. *Gómez Incera*, 97 D.P.R. 249 (1969); *United States* v. *Wade*, 388 U.S. 218 (1966); *Gilbert* v. *California*, 388 U.S. 263, 272–273 (1966); *Stovall* v. *Denno*, 388 U.S. 293 (1966); *Simmons* v. *United States*, 390 U.S. 377 (1967); *Foster* v. *California*, 394 U.S. 440 (1968); y demás autoridades citadas en *Pagán Hernández* v. *Alcaide*, 102 D.P.R. 101, 104 (1974). Una vez hecha tal determinación, queda al arbitrio del jurado pasar juicio sobre la credibilidad del testimonio para adjudicar como un hecho la confiabilidad de la identificación, hecho a probarse más allá de duda razonable. Véase la Regla 9(A) y (E) de las Reglas de Evidencia, 1979.

Si bien es imposible depurar de todo elemento de desconfianza la prueba que se somete al jurado, debe recordarse que ". . . es la enseñanza de *Wade*, *Gilbert* y *Stovall*, supra, que en algunos casos el procedimiento de identificación por testigos oculares puede ser tan defectuoso que hace la identificación constitucionalmente inadmisible como cuestión de derecho". *Foster* v. *California*, supra, pág. 442, escolio 2.

Acepto que es imposible impedir que prueba "con algún elemento indigno de confianza" vaya al jurado, y que ello pueda ser "grano de todos los días para el molino del jurado". (Citado de *Manson* v. *Brathwaite*, 432 U.S. 98, 116 (1976), en la sentencia de este Tribunal.) Pero aquí no se trata de prueba "con algún elemento indigno de confianza". Se trata de una identificación en rueda de detenidos viciada de sugestividad mediante una previa identificación por fotografías que no cumplió las formalidades de la Regla 252.2 de Procedimiento Criminal, y que el juez de instancia rechazó como poco confiable. Ya no es "algún elemento indigno de confianza". Es el rechazo por un juez de su admisibilidad. Alimentar el molino del jurado con un grano podrido o contaminado es nocivo a la salud del proceso de impartir justicia. Es al moli-

nero, no al molino, a quien compete separar el grano de la paja, impedir que vaya al molino el grano con el gorgojo, separar el grano bueno del grano malo.

Denegaría la expedición del auto.