EL PUEBLO DE PUERTO RICO, apelado, *v.* EDDIE ROBLEDO, acusado y apelante.

*Número:* CR-87-85          *Resuelto:* 14 de febrero de 1991

*Carmen Ana Rodríguez Maldonado* y *Enrique Rivera Mendoza*, de la *División de Apelaciones de la Sociedad para Asistencia Legal*, abogados del apelante; *Norma Cotti Cruz, Subprocuradora General*, y *Josefa A. Román García, Procuradora General Auxiliar*, abogadas de El Pueblo.

PER CURIAM: Por hechos alegadamente cometidos el día 21 de noviembre de 1986, el Ministerio Fiscal radicó ante el Tribunal Superior de Puerto Rico, Sala de Aibonito, dos pliegos acusatorios en los cuales le imputó al apelante Eddie Robledo la supuesta

comisión de un delito de secuestro agravado y una infracción al Art. 4 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 414.(1) Habiendo el Jurado, que intervino como juzgador de hechos en el proceso que se celebrara a nivel de instancia, rendido veredicto de culpabilidad en relación con todos y cada uno de los pliegos acusatorios radicados, y luego de que se hubiese celebrado una vista sobre agravantes, el tribunal de instancia condenó al apelante a sufrir una pena de noventa y nueve (99) años de presidio por el delito de secuestro agravado y dos (2) años por la infracción al Art. 4 de la Ley de Armas de Puerto Rico, *ante.*(2)

En apelación, se le imputa al foro de instancia la supuesta comisión de cuatro (4) errores, a saber:

A. Erró el juzgador de los hechos al encontrar culpable al acusado con una identificación que no demostró su culpabilidad más allá de toda duda razonable.

B. Erró el Honorable Tribunal al declarar sin lugar la solicitud de absolución perentoria presentada por la defensa en el cargo por la infracción al Artículo 4 de la Ley de Armas.

C. Erró el Honorable Tribunal de Instancia al no rebajar perentoriamente la calificación del delito de secuestro a uno menor comprendido según lo solicitara la defensa y al negarse a dar instrucciones al jurado sobre los delitos de tentativa de secuestro y restricción ilegal de la libertad.

D. Erró el Honorable Tribunal de Instancia al sentenciar con agravantes al acusado en violación al Artículo II, Sección 12 de la Constitución del Estado Libre Asociado de Puerto Rico. Algato del apelante, págs. 11-12.

I

La prueba de cargo creída por el juzgador de los hechos demostró, en, síntesis, que el día 21 de noviembre de 1986 el apelante, quien conducía un vehículo de motor, interceptó a la

---

(1) Contra el apelante, el Estado radicó adicionalmente un pliego acusatorio mediante el cual le imputó la supuesta comisión de una infracción a la Sec. 3-301 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 721.

(2) En relación con la infracción de la Ley de Vehículos y Tránsito de Puerto Rico, el tribunal le impuso una multa de $50.00.

joven de trece (13) años de edad Madeline Colón López mientras ésta caminaba por la carretera en dirección de su casa, luego de haber terminado las clases ese día en la Escuela Bonifacio Sánchez de Aibonito donde era estudiante de octavo grado. Luego de bajarse del vehículo que conducía, y correr detrás de la niña por un tramo de la carretera, el apelante obligó a ésta a montarse en el vehículo de motor bajo amenaza de utilizar contra ella un destornillador que tenía en sus manos. Durante el trayecto en que la niña Colón López transitó en el vehículo del apelante, éste la golpeó al ella gritar pidiendo auxilio. Ello no obstante, la mencionada perjudicada logró desviar el volante del vehículo de motor que conducía el apelante, logrando que éste perdiera el control del mismo y causando con ello que dicho vehículo se estrellara contra un árbol en la carretera. La niña Colón López logró hacerle señas a unas personas que se acercaban al lugar, quienes la socorrieron. El apelante se dio a la fuga, internándose en una maleza a la orilla de la carretera. La perjudicada fue llevada a un hospital, brindándole a los agentes de la Policía de Puerto Rico que atendieron el caso una descripción del individuo que la había secuestrado, persona a quien ella no conocía con anterioridad a dicho día. Declaró, por último, la niña perjudicada que al volver a ver a su secuestrador, más tarde ese día en predios del Centro Judicial de Aibonito, éste tenía una camisa de color distinto a la que le había visto y ya no tenía el "afro" que lucía al ser secuestrada por éste.

El Estado, en adición, presentó los testimonios de varios testigos. La declaración prestada por éstos no sólo situaron al apelante en las cercanías del sitio de los hechos sino que dichos testimonios explican, en forma sumamente satisfactoria, el cambio sufrido por el apelante en su "físico" y la vestimenta que utilizaba al momento de los hechos. En adición, dichos testimonios demuestran la forma y manera en que la Policía le siguió el rastro al apelante desde el sitio de los hechos hasta su arresto en una barbería del pueblo de Aibonito.

## II

El primer señalamiento de error, relativo el mismo a una alegada identificación defectuosa, *es inmeritorio*. Aduce, en apoyo del mismo, la representación legal del apelante que la identificación que de éste hiciera la perjudicada —en una de las dependencias del tribunal— estuvo viciada de sugestividad y, en adición, que existe una "duda razonable" respecto a dicha identificación por razón de que la referida perjudicada declaró que al ver al apelante en el tribunal, éste vestía de forma distinta al momento de los hechos y su "pelo" no era el mismo.

Es correcto que en el presente caso se permitió que la niña perjudicada identificara al apelante en los predios del tribunal sin que se celebrara una "rueda de detenidos" (*line up*); que dicha perjudicada declaró que al verlo en ese momento, el apelante, en lugar de tener una camisa azul clara, vestía una camisa blanca; y que ésta igualmente declaró que al identificarlo ya el apelante no tenía el "afro" que lucía al cometer los hechos.

No hay duda que en casos en que el perjudicado, o testigos, de la comisón de un delito no conocen personalmente al sospechoso de la comisón del mismo, el procedimiento más aconsejable a seguirse por las autoridades lo es la celebración de una "rueda de detenidos" (*line up*). *Pueblo v. Gómez Incera*, 97 D.P.R. 249 (1969); *Pueblo v. Montañez Ramos*, 100 D.P.R. 911 (1972). El mero hecho de que dicha "rueda de detenidos" no sea celebrada, sin embargo, *no* tiene el efecto *per se* de viciar, o hacer inadmisible en evidencia, la identificación llevada a cabo. *Pueblo v. Rodríguez Maysonet*, 119 D.P.R. 302 (1987); *Pueblo v. Ortiz Pérez*, 123 D.P.R. 216 (1989). Ello así por cuanto la norma vigente en nuestra jurisdicción, respecto a esta materia, lo es que la validez de la identificación llevada a cabo debe resolverse al amparo de los hechos y circunstancias particulares del caso; esto es, a base del "criterio de la totalidad de las circunstancias". A esos efectos, expresamos en el citado caso de *Pueblo v. Ortiz Pérez*, pág. 224, que:

La admisión de prueba de identificación, aunque ésta contenga elementos de sugestividad, no viola el debido proceso de ley *si están presentes suficientes elementos de confiabilidad tomando en consideración la totalidad de las circunstancias*, a la luz de los factores siguientes: (1) la oportunidad que tuvo el testigo de observar al ofensor al tiempo en que se cometía el crimen; (2) el grado de atención del testigo; (3) la corrección de la descripción previa del criminal hecha por el testigo; (4) el nivel de certeza demostrado por el testigo en la confrontación, y (5) el tiempo transcurrido entre el crimen y la confrontación. (Énfasis suplido.)

En el presente caso se cumple, en forma satisfactoria, con *todos y cada uno* de los cinco (5) "factores" antes mencionados. La testigo Colón López tuvo *amplia* oportunidad de observar al apelante durante varios minutos, a plena luz del día, prestándole a éste toda su atención. La descripción que dicha perjudicada le brindó a la Policía de Puerto Rico, inmediatamente después de ocurridos los hechos, coincide plenamente con la persona del apelante. De hecho la descripción física, y de la vestimenta, del apelante que ella brindara fue corroborada en todos sus extremos por el testigo Edgardo Feliciano Colón, persona que, ajena totalmente a los hechos ocurridos, le dió "pon" al apelante momentos después de la ocurrencia de los mismos hasta el pueblo de Aibonito. El hecho de que el apelante al ser arrestado no luciera el peinado tipo "afro" que describe tanto la niña perjudicada como el testigo Feliciano Colón es una situación que satisfactoriamente fue explicada por el testigo Alberto Núñez Rosado, dueño del negocio de barbería en Aibonito donde se "recortó el afro" el apelante. La diferencia en el color de la camisa —de azul claro a blanca— que vestía el apelante es un hecho que no reviste mayor importancia. Por último tenemos que la perjudicada, al identificar al apelante apenas unas horas más tarde de la ocurrencia de los hechos, no mostró duda alguna al respecto. En resumen, dados los hechos particulares del caso ante nuestra consideración, *no* era necesario que la Policía de Puerto Rico llevara a cabo una "rueda de detenidos" en el mismo. *Pueblo v. Rodríguez Maysonet, ante.*

III

La Policía de Puerto Rico registró el vehículo de motor que conducía el apelante al momento de la supuesta comisión de los hechos, vehículo que el apelante *abandonara* luego de que se estrellara contra el árbol en la carretera con motivo de la acción tomada por la niña perjudicada. Conforme la declaración prestada por uno de los testigos de cargo, policía Marcos Díaz Olmeda, se ocupó en el asiento trasero del mismo un "machete" y, en adición, dos destornilladores en el asiento delantero.

El Estado, como expresáramos anteriormente, radicó un pliego acusatorio contra el apelante en que le imputó una supuesta infracción al Art. 4 de la Ley de Armas de Puerto Rico, ante; ello *en relación con el machete ocupado*. Dicho machete fue presentado y admitido en evidencia durante el proceso celebrado. En lo pertinente, dicho pliego acusatorio le imputó al apelante que:

> . . . ilegal, voluntaria, maliciosa y criminalmente, portaba, conducía y transportaba un machete de 30 pulgadas de largo, color rojo, cabo de madera, siendo dicho machete un arma cortante con el cual puede causarse grave daño corporal, *cuyo machete portaba, conducía y transportaba el acusado en este caso en ocasión de usarlo no como instrumento propio de un arte, deporte, profesión, ocupación u oficio.* (Énfasis suplido.)

Alega la representación legal del apelante, mediante el segundo señalamiento de error, que erró el foro de instancia al declarar sin lugar la moción de absolución perentoria que respecto al referido pliego acusatorio fuera presentada. *No tiene razón.*

■ Establece el citado Art. 4 de la Ley de Armas de Puerto Rico que:

> Toda persona que posea, porte o conduzca cualquier arma de las comúnmente conocidas como *blackjacks*, cachiporras o manoplas; *toda persona que porte o conduzca cualquier arma de las conocidas como cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón o cualquier instrumento similar; y excepto cuando se portaren o condujeren en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación u*

*oficio,* e incluyendo además las hojas de navajas de afeitar de seguridad y garrotes cuando éstos se sacaren, mostraren o usaren en la comisión de un delito público o en la tentativa de cometerlo; y toda persona que usare contra otra cualquiera de las armas nombradas anteriormente en esta sección será culpable de delito menos grave, y si ha sido convicta previamente de cualquier infracción a este Capítulo, o de cualquiera de los delitos especificados en la sec. 427 de este título, será culpable de delito grave. (Énfasis suplido.)

■ La prueba presentada por el Estado demostró que el apelante, el día de los hechos, *portaba* el referido machete, el cual es un "instrumento similar" a las enumeradas en el referido Art. 4, y que la portación del mencionado machete no fue en ocasión de usarse como instrumento de un arte, deporte, profesión, ocupación u oficio. *Robles Roque v. Tribl. Superior,* 86 D.P.R. 567, 569 (1962); *Pueblo v. Acevedo González,* 95 D.P.R. 355, 359 (1967); *Pueblo v. Girona Esteves,* 95 D.P.R. 590, 591 (1967).

## IV

Mediante el tercer señalamiento de error se queja el apelante de la negativa del tribunal de instancia de "rebajar" perentoriamente el delito de secuestro agravado imputado al delito de restricción de la libertad y al negarse a transmitir al Jurado instrucciones sobre este último delito y el de tentativa de secuestro. *No le asiste la razón.*

■ Establece el Art. 137 del vigente Código Penal, 33 L.P.R.A. sec. 4178, que:

*Secuestro*

Toda persona que *mediante fuerza, violencia, intimidación,* fraude o engaño *sustrajere a otra para privarla de su libertad,* será sancionada con pena de reclusión por un término fijo de veinticuatro (24) años. De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de cuarenta (40) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de diez y seis (16) años. (Énfasis suplido.)

■ Por su parte, el Art. 137A del referido Código Penal, 33 L.P.R.A. sec. 4178a, dispone, en lo pertinente, que:

*Secuestro agravado*

Será sancionada con pena de reclusión por un término fijo de sesenta (60) toda persona que cometiera el delito previsto en la [sec. 4178 de este título], cuando medie cualquiera de las siguientes modalidades:

(a) Cuando se cometa contra un menor de dieciocho (18) años

. . . .

■ Como expresáramos, arguye el apelante que la acusación por secuestro agravado debió haber sido "rebajada perentoriamente" por el tribunal de instancia al de restricción de la libertad, delito estatuido en el Art. 130 del Código Penal, 33 L.P.R.A. sec. 4171. El mismo establece:

Toda persona que, de cualquier modo, *restringiere ilegalmente* la libertad de otra, *con conocimiento la víctima* de la restricción será sancionada con pena de reclusión por un término que no excederá de seis meses o multa que no excederá de quinientos dólares, o ambas penas a discreción del tribunal. (Énfasis suplido.)

■ Como surge de una simple lectura, la *diferencia primordial* entre el delito de *"secuestro"* y el de *"restricción de la libertad"* consiste, en que en este último basta con la *mera detención* de la persona, con conocimiento de la misma por parte de ésta, y en el de secuestro se exige *la sustracción* del perjudicado, *lo que, de ordinario, implica el trasladar a la persona de un sitio a otro*. En adición, en el delito de secuestro se exige que la sustracción que se lleva a cabo sea *mediante el uso de "fuerza, violencia, intimidación, fraude o engaño"*.

■ Al amparo de lo antes expuesto, no tenemos duda alguna que lo que surge del relato que de los hechos ocurridos hiciera la niña perjudicada, testimonio al cual el "juzgador de los hechos" le dio entero crédito, lo es el delito de secuestro. *Como surge de dicho testimonio la niña perjudicada fue sustraída por el apelante, transportándola éste en un vehículo de motor, mediante*

*el uso de la fuerza e intimidación.* Siendo la perjudicada una menor de dieciocho años de edad, el delito cometido lo es el estatuido en el antes citado Art. 137A del vigente Código Penal, esto es, el de secuestro agravado. No cometió error, en consecuencia, el foro de instancia al negarse a rebajar la calificación del delito. Tampoco cometió error dicho tribunal al negarse a impartir a los señores del Jurado instrucciones sobre los delitos de restricción a la libertad y tentativa de secuestro. La prueba *no* lo justificaba. *Pueblo v. Cruz Correa,* 121 D.P.R. 270 (1988).

## V

Por último, y aun cuando el apelante no cuestiona la "legalidad" de la pena impuesta, éste señala que la pena de noventa y nueve años (99) de prisión que le fuera impuesta por el delito de secuestro agravado "no guarda relación ni proporción con el delito que se le imputó y del que salió convicto". Alegato del apelante, pág. 31. *Diferimos.*

Dicha pena fue impuesta por el tribunal de instancia luego de escuchar a las partes respecto a una moción de agravantes que radicara el Estado. Como bien señala el Procurador General, estando la pena impuesta dentro de los límites estatutarios pertinentes, la imposición de la misma descansa en la sana discreción del tribunal sentenciador; discreción con la cual de ordinario no intervendremos. *Pueblo v. Pérez Zayas,* 116 D.P.R. 197 (1985); *Pueblo v. Castro Muñiz,* 118 D.P.R. 625 (1987).

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita. El Juez Presidente Señor Pons Núñez no intervino.