Brau Ramírez, Juez Ponente
*826 TEXTO COMPLETO DE LA RESOLUCION
I
Mediante los recursos de epígrafe, los peticionarios Carlos Velázquez Ortega y Miguel A. Rivera Salamán solicitan la revisión de una resolución emitida en corte abierta el 26 de septiembre de 2003 por el Tribunal de Primera Instancia, Sala Superior de Aibonito, en el procedimiento criminal que se ventila ante dicho foro contra los peticionarios por violaciones a los artículos 131 y 173 del Código Penal, por, respectivamente, restricción de libertad agravada, 33 L.P.R.A. see. 4172, y robo, 33 L.P.R.A. see. 4279, y por violación al Art. 5.04 de la Ley de Armas, por portación de armas sin licencia, 25 L.P.R.A. sec. 458c (Supl. 2003).
Mediante el dictamen en cuestión, el Tribunal de Primera Instancia denegó una moción presentada por los peticionarios para la supresión de su identificación por los testigos del Ministerio Público.
Junto con sus recursos, ambos peticionarios han presentado mociones en auxilio de jurisdicción solicitando la paralización de los procedimientos.
Hemos consolidado los recursos para fines de su disposición.
Denegamos.
II
Contrario a lo que requiere la Regla 34, inciso (E) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXII-A, R. 34(E), los peticionarios no incluyen con sus recursos copia de las denuncias o de las acusaciones presentadas en su contra, así como de otros documentos esenciales para considerar los recursos, lo que constituye una base independiente para la denegación de los mismos. Pellot Ferrer v. Avon Mirandela, Inc., 159 D.P.R. _ (2003), 2003 J.T.S. 132, a las págs. 13-14; Román et. als v. Román et. als, 158 D.P.R. _ (2002), 2002 J.T.S. 132, a la pág. 254; Cruz Castro v. Ortiz Montalvo, 154 D.P.R. _ (2001), 2001 J.T.S. 62, a la pág. 1,177; Córdova v. Larín, 151 D.P.R. _ (2000), 2000 J.T.S. 92, a la pág. 1,225; Codesi, Inc. v. Municipio de Canóvanas, 150 D.P.R. (2000), 2000 J.T.S. 61, a la pág. 884.
*827 De la relación ofrecida por los peticionarios, se desprende que éstos fueron acusados por los mencionados delitos de robo, restricción de la libertad y portación ilegal de un arma, con relación a hechos ocurridos el 25 de marzo de 2003 en el Barrio Barros de Orocovis. Aparentemente, a los peticionarios se les imputó haber actuado en concierto y común acuerdo.
Los peticionarios no nos ofrecen detalle alguno que nos permita conocer el trámite procesal del caso. Aparentemente, luego de presentada la acusación en su contra, los peticionarios presentaron una moción solicitando la supresión de su identificación (no se acompaña copia de la misma). El Ministerio Público parece haberse opuesto a dicha solicitud (no se acompaña copia de oposición alguna), por lo que el Tribunal de Primera Instancia procedió a señalar una vista evidenciaría.
Durante la vista, el Ministerio Público presentó el testimonio de Angel Hernández Berrios y de Héctor Cartagena Rivera.
Según se expone en el recurso, el Sr. Hernández Berrios testificó que era comerciante y residente del Barrio Barros, Sector Los Limones en Orocovis. El día de los hechos, 25 de marzo de 2003, como a las 8:00 u 8:30 (no aclara si los hechos fueron de día o de noche), éste se encontraba en su residencia. Salió del cuarto y vio a un hombre con ropa oscura, un arma en la mano y una máscara de color oscuro. El testigo describió a la persona como una de tez oscura.
Cuando lo vio salir del cuarto, la persona se le acercó y le puso el arma frente a su cara y le dijo que más valía que le diera el dinero. El testigo le contestó que estaba en la caja. Cuando estaba buscando la llave, la persona salió al pasillo y habló con alguien en voz baja. El se dio la vuelta para volver a donde estaba y vio a la otra persona, que también vestía ropa oscura y tenía una máscara negra tipo camisa. Este segundo individuo le dio un “tape” gris al primer asaltante, quien se lo puso en la boca al testigo.
El testigo identificó al segundo individuo como el peticionario Carlos Velázquez Ortega (“Joel”). Señaló que lo conoce porque vive cerca de su residencia. Identificó al otro individuo como el peticionario Miguel Rivera Salamán (¿’Mickey”). A éste lo conoce hace como dos años porque el testigo va a un negocio en Toa Alta y Mickey tiene otro negocio de bebidas al lado de un taller de electrónica allí mismo.
El testigo indicó que Velázquez portaba un arma gris, que cogió una bolsa y fue sacando el dinero de la caja fuerte. Luego de echar el dinero en la bolsa, lo esposaron y le preguntaron por la llave de la guagua. El hizo señas de que no se acordaba dónde estaba. Los asaltantes se llevaron el teléfono celular de su coqueta.
Ellos salieron en ese momento. Como a los dos minutos, él salió, y se encontró a su yerno Héctor Cartagena Rivera, que entraba en ese momento. Este le dijo que había reconocido a uno, que era el peticionario Velázquez, y que el otro era un trigueño. A preguntas del Fiscal, indicó que ambas personas tenían máscaras. Velázquez tenía una máscara tipo camiseta y Rivera una estilo Ku Klux Klan.
Durante el contrainterrogatorio, el testigo admitió que los dos asaltantes llevaban máscara y vestían ropa oscura. Declaró que al peticionario Velázquez lo que le podía ver era parte de la frente y de la nariz. Dijo, además, que estuvo de frente a los asaltantes como a una distancia de siete pies o menos y en ese momento no reconoció a nadie. La única descripción que podía dar del peticionario Rivera era que era de tez negra, lo que había podido apreciar a través de la máscara.
El Sr. Héctor Cartagena declaró que es agente de la Policía y yerno del Sr. Hernández Berrios. El día de los hechos, se encontraba en la residencia de su suegro. Estaba sentado en la sala cuando sintió un ruido. Se asomó por el área del “screen” de la puerta y vio a dos individuos enmascarados, cada uno de ellos portando un arma de fuego. Vio cuando éstos entraron al área de la marquesina por la puerta que da hacia la cocina.
*828 * El aprovéche» y salió por la puerta que estaba en el balcón y fue a casa de sus vecinos y llamó a la Policía. .Cuando salió de la casa del vecino, observó cuando los individuos salieron de la residencia. Vio cuándo los asaltantes se quitaron las máscaras y reconoció al peticionario Velázquez. Cuando pasaron frente a él, le gritó “Velázquez, lo hiciste[] mal”. Entonces vio que ellos se internaron en el monte.
Ahí llegaron los compañeros Policías de Orocovis y se adentraron en el monte en búsqueda de los asaltantes, pero no los encontraron.
Al otro día, luego del amanecer, el testigo se internó en el monte con su suegro y un vecino. Ahí vio un negrito que estaba en la parte de abajo. Llamó de nuevo al cuartel y otra vez comenzó la búsqueda.
Durante el contrainterrogatorio, declaró que el peticionario Rivera tenía ropa oscura y el peticionario Velázquez una camiseta blanca. En la declaración jurada que prestó, declaró que el peticionario Rivera era “trigueño”, no negro. Sabe la diferencia.
Se presentó el informe del incidente preparado por la Policía, del cual no se desprendía que el Sr. Hernández hubiese ofrecido el nombre de los peticionarios.
A base de la prueba desfilada, el Tribunal denegó la moción de supresión de los peticionarios.
Insatisfechos, éstos acudieron ante este Tribunal.
III
En su recurso, los peticionarios plantean que el Tribunal de Primera Instancia erró al denegar su moción de supresión.
Según se conoce, para establecer la culpabilidad de un acusado por un debto es necesario, no sólo que se presente prueba sobre los elementos del delito imputado, sino que se identifique al acusado como el autor del mismo. Pueblo v. Mejias Ortiz, 160 D.P.R. _ (2003), 2003 J.T.S. 126, a la pág. 1,335; Pueblo v. Rodríguez Maysonet, 119 D.P.R. 302, 309 (1987); Pueblo v. Gómez Incera, 97 D.P.R. 249, 251-252 (1969); véase, además, Valle v. E.L.A., 157 D.P.R. ___ (2002), 2002 J.T.S. 70, a la pág. 1,133.
De ordinario, corresponde al jurado pasar juicio sobre estos elementos. Pueblo v. Torres Rivera, 137 D.P.R. 630, 638 (1994); Pueblo v. Cabán Torres, 117 D.P.R. 645, 648 (1986); véase, además, Pueblo v. Lebrón Bones, 110 D.P.R. 780, 781 (1981).
Ahora bien, cuando la identificación del acusado ha sido obtenida mediante un procedimiento sugestivo, el Tribunal Supremo de Puerto Rico ha resuelto que ello constituye una violación de la garantía constitucional al debido proceso de ley. Pueblo v. Ramos y Alvarez, 122 D.P.R. 287, 311 (1988); Pueblo v. Gómez Incera, 97 D.P.R. a las págs. 251-252; véanse, además, United States v. Wade, 388 U.S. 218 (1967); Gilbert v. California, 388 U.S. 263 (1967), y Stovall v. Denno, 388 U.S. 293 (1967).
Este tipo de evidencia resulta excluible del juicio, pudiendo solicitarse su supresión. Véanse, United States v. Wade, 388 U.S. a las págs. 239-241; Gilbert v. California, 388 U.S. a la pág. 272; véase, además, Pueblo v. Rey Marrero, 109 D.P.R. 739 (1980).
En aquellos casos en que el perjudicado o testigos de la comisión de un debto no conocen personalmente al sospechoso, el Tribunal Supremo de Puerto Rico ha establecido que el procedimiento más aconsejable a seguirse es el de la celebración de una rueda de detenidos ("line up"). Pueblo v. Mejias Ortiz, 2003 J.T.S. 126, a la pág. 1,335; Pueblo v. Robledo, 127 D.P.R. 964, 968 (1991); Pueblo v. Montañez Ramos, 100 D.P.R. 911, 915 *829 (1972); 34 L.P.R.A. Ap. II, R. 252.
Ahora bien, el hecho de que no se siga este procedimiento no tiene el efecto de viciar automáticamente la identificación o hacerla inadmisible. Pueblo v. Mejias Ortiz, 2003 J.T.S. 126, a la pág. 1,335; Pueblo v. Robledo, 127 D.P.R. a la pág. 968; Pueblo v. Ortiz Pérez, 123 D.P.R. 216, 223 (1989); Pueblo v. De Jesús Rivera, 113 D.P.R. 817, 822-823 (1983); Pueblo v. Rivera Navarro, 113 D.P.R. 642, 649-652 (1982).
La determinación depende más bien de la totalidad de las circunstancias. Pueblo v. Torres Rivera, 137 D.P.R. a la pág. 637; Pueblo v. Torres Ramos, 121 D.P.R. 747, 751 (1988). Lo importante es que la identificación sea "libre, espontánea y confiable." Pueblo v. Ramos y Alvarez, 122 D.P.R. a la pág. 312; Pueblo v. Peterson Pietersz, 107 D.P.R. 172, 183-184 (1978).
Para evaluar la confiabilidad de la identificación, deben considerarse los siguientes criterios: (1) la oportunidad que tuvo el testigo de observar al acusado en el momento en que ocurre el acto delictivo, (2) el grado de atención del testigo, (3) la corrección de la descripción, (4) el nivel de certeza en la identificación, y (5) el tiempo transcurrido entre el crimen y la confrontación. Véanse, Pueblo v. Mejias Ortiz, 2003 J.T.S. 126, a la pág. 1,335; Pueblo v. Torres Rivera, 137 D.P.R. a la pág. 637; Pueblo v. Mattei Torres, 121 D.P.R. 600, 608 (1988); Pueblo v. Rodríguez Maysonet, 119 D.P.R. a las págs. 309-310; Pueblo v. Peterson Pietersz, 107 D.P.R. a la pág. 183; véanse, además, Neil v. Biggers, 409 U.S. 188 (1972), y Manson v. Brathwaite, 432 U.S. 98 (1977); Ernesto Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. I, Editorial Forum, 1991, a las págs. 266-267.
El Tribunal Supremo de Puerto Rico ha sostenido que la identificación de un acusado por un testigo que pudo observarlo por pocos segundos resulta admisible si, bajo la totalidad de las circunstancias, resulta confiable. El hecho de que el testigo o la víctima se encontrara nervioso al momento de su confrontación con el acusado no es suficiente para viciar, sin más, la identificación. Pueblo v. Mejias Ortiz, 2003 J.T.S. 126, a la pág. 1,336.
Es importante señalar, sin embargo, que este análisis es más bien procedente cuando la prueba de identificación ha estado maculada por elementos de sugestividad provocado por las actuaciones de los funcionarios del Estado. Cuando ello no ocurre, no existe infracción alguna a los derechos del acusado que justifique la intervención del Juez para privar al jurado de su función de adjudicar la prueba. Véase, Pueblo v. Mattei Torres, 121 D.P.R. a la pág. 608 (1988); Pueblo v. Rodríguez Maysonet, 119 D.P.R. a la pág. 313; Pueblo v. García Reyes, 113 D.P.R. 843, 848 (1983).
En situaciones en que la víctima conoce previamente al acusado, las salvaguardas contra la sugestividad pueden tomarse inapbcables o innecesarias. Si la identificación es el resultado de gestiones que no son imputables a la Pobcía, realmente no hay problema de identificación ni cabe invocar la supresión de la misma. Pueblo v. Mattei Torres, 121 D.P.R. a la pág. 608; Pueblo v. Rodríguez Maysonet, 119 D.P.R. a la pág. 313; Pueblo v. Lebrón González, 113 D.P.R. 81, 99 (1982).
En estos casos, corresponde más bien al jurado adjudicar la credibibdad de los testigos, cuando se plantea que la pmeba sobre identificación podría resultar no confiable. Pueblo v. Torres Rivera, 137 D.P.R. a la pág. 638; Pueblo v. Rodríguez Román, 128 D.P.R. 121, 127-129 (1991). Según ha observado el Tribunal Supremo de Puerto Rico:

“[Pjrueba con algún elemento indigno de confianza es grano de todos los días para el molino del jurado. Los jurados no son tan susceptibles que no puedan evaluar inteligentemente el peso de un testimonio de identificación. ”

*830 Pueblo v. Peterson Pietersz, 107 D.P.R. a la pág. 184 (citando a Manson v. Brathwaite, 432 U.S. a la pág. 116).
En la situación de autos, según hemos visto, el Sr. Hernández declaró que él conocía previamente a los peticionarios. El Sr. Cartagena declaró similarmente que él había podido reconocer al peticionario Velázquez cuando éste se quitó la máscara.
En sus recursos, los peticionarios no exponen que hubiera elemento alguno de sugestividad en los testimonios de dichos testigos atribuible a los agentes del Estado, que justificara al Tribunal a intervenir y excluir la identificación de la consideración del jurado con antelación al juicio.
Los peticionarios alegan que el testimonio de identificación resultaba no confiable. Plantean que la declaración del Sr. Hernández a los efectos de que el peticionario Velázquez tenía una máscara oscura resulta contradicho por la declaración del Sr. Cartagena de que dicho peticionario tenía una camiseta blanca.
Esta incongruencia, de por sí, es insuficiente para justificar la supresión del testimonio. Pueblo v. Torres Rivera, 137 D.P.R. a la pág. 640; Pueblo v. Márquez y Bermúdez, 122 D.P.R. 93, 102 (1988).
El peticionario Rivera plantea que el Sr. Hernández carecía de elementos de juicio para identificar a sus asaltantes a través de las máscaras. Señala que el único elemento que dio base a su identificación es el hecho de que él es una persona de la raza negra (no trigueño, como declaró el Sr. Cartagena).
Se trata más bien, sin embargo, de una cuestión de credibilidad, la que, según hemos visto, corresponderá ser dilucidada en su día por el juzgador de los hechos. Pueblo v. Torres Rivera, 137 D.P.R. a la pág. 638; Pueblo v. Rodríguez Román, 128 D.P.R. a las págs. 127-128. 
No habiendo indicios de sugestividad en la identificación de los peticionarios, no existe base para excluir de antemano el testimonio de los testigos del Pueblo.
Por los fundamentos expresados, se deniega el auto solicitado.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2004 DTA 24
1. Al igual que los otros documentos esenciales, no se acompaña copia de dicha declaración.
2. En sus escritos, ambos peticionarios alegan que el Tribunal de Primera Instancia negó sus solicitudes de supresión, a pesar de haber manifestado que la identificación de los peticionarios “no estaba clara”. Se trata de una cita incompleta, que modifica el contexto de lo manifestado por el foro de Primera Instancia.
La minuta del señalamiento refleja que lo que expresó el Tribunal de Primera Instancia fue:

“Atendiendo la totalidad de las circunstancias, el Tribunal entiende que no está clara la identificación a tal punto viciada o de una forma viciada que amerite que al amparo de nuestra constitución hace imperativo que se elimine cualquier evidencia ilegalmente obtenida, que no puede ser utilizada en un Tribunal. El Tribunal cree que es una cuestión de hechos que debe ser dilucidada en juicio plenario, por lo que declara NO HA LUGAR la moción de Supresión de Identificación.

*831
No entendemos que el lenguaje citado apoye en modo alguno la contención de los peticionarios.

Este tipo de táctica ha sido' severamente censurada por el Tribunal Supremo de Puerto Rico.” Véase, Repto. Ind. Corujo v. Cabrera Dist., 110 D.P.R. 777 (1981).