# 2008 DTA 86

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL VII**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JUAN ORSINI MARTÍNEZ
Peticionario

Núm. KLCE-2008-00552

San Juan, Puerto Rico, a 20 de junio de 2008

Panel integrado por su Presidente, el Juez Rivera Román,
y los Jueces Coll Martí y Vizcarrondo Irizarry

Rivera Román, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El señor Juan Orsini Martínez presentó un recurso de *certiorari* para que se revoque la resolución dictada por el Tribunal de Primera Instancia mediante la cual denegó una solicitud de supresión de identificación.

La controversia medular que se debe atender se circunscribe a los siguientes cuestionamientos: (1) ¿Si la identificación extrajudicial del señor Orsini Martínez que efectuaron los testigos del ministerio público fue confiable a base de la totalidad de las circunstancias? (2) ¿Si era indispensable que el Estado identificara al señor Orsini Martínez mediante el procedimiento de la rueda de detenidos? (3) ¿Si el peso de la prueba en una vista de supresión de identificación le corresponde al acusado o al ministerio público?

A continuación, exponemos los hechos que se desprenden de la resolución y la prueba documental que consta en el expediente del caso.

## I

El Ministerio Público presentó varias acusaciones en contra del señor Orsini Martínez por alegadamente haber asesinado, con un arma de fuego, al señor Rolando Sostre Miranda, el 13 de marzo de 2007. Específicamente, se le imputó al señor Orsini Martínez haber infringido: (1) los artículos 5.04 y 5.15 de la Ley de Armas de Puerto Rico, y (2) el Artículo 106 del Código Penal de Puerto Rico, en la modalidad de asesinato en primer grado.

El Tribunal de Primera Instancia celebró una vista preliminar el 29 de de junio de 2007. El Juez de instancia determinó causa probable para acusar al señor Orsini Martínez por los delitos bajo los artículos 5.05 y 5.15 de la Ley de Armas y por el Artículo 106, pero en la modalidad de asesinato en segundo grado. Inconforme con el dictamen respecto a la modalidad del asesinato, el Ministerio Público solicitó una vista preliminar en alzada. Se celebró una vista preliminar en alzada el 29 de agosto de 2007 y se mantuvo la decisión.

La defensa del señor Orsini Martínez radicó una Moción para suprimir la identificación del acusado, el 12 de febrero de 2008. Esto, por entender que la *identificación del señor Orsini Martínez era sugestiva y poco confiable*, a la luz de la totalidad de las circunstancias. Por su parte, el Ministerio Público presentó una Réplica a la Moción para Suprimir la Identificación del Acusado, el 14 de febrero de 2008. El tribunal de instancia celebró una vista de supresión de identificación. El Juez denegó la moción de supresión mediante resolución que fue notificada el 25 de marzo de 2008.

Inconforme con el dictamen, la defensa presentó ante este foro apelativo un recurso de *certiorari*. Se planteó en el recurso que erró el Tribunal al denegar la Moción para Suprimir la Identificación del Acusado, a pesar de que ésta era sugestiva y poco confiable y al manifestar que en una vista de supresión de identificación, el peso de la prueba recae en el acusado y no en el Ministerio Fiscal. Por su parte, el Ministerio Público radicó un escrito en oposición.

Teniendo el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II

### A. La identificación del acusado

La Constitución del Estado Libre Asociado de Puerto Rico garantiza que ninguna persona será privada de su libertad o propiedad sin debido proceso de ley. Art. II, Sec. 7, Const. E.L.A.; 1 L.P.R.A. sec. 7. Esta cláusula puede denominarse como la disposición matriz de la garantía de los derechos individuales ante la intervención injustificada del Estado con el ciudadano. Olga Elena Resumil de Sanfilippo, *Práctica Jurídica de Puerto Rico: Derecho Procesal Penal,* Tomo I, Equity Publishing Company, Oxford New Hampshire, 1990, pág. 26. La protección de esta cláusula constitucional ha sido extensiva a los derechos concedidos a través de la legislación procesal, lo cual incluye los procedimientos para investigar a un sospechoso de la comisión de un delito. Olga Elena Resumil de Sanfilippo, *op.cit.*, pág. 26.

La etapa investigativa es medular para esclarecer un evento delictivo porque posibilita: (1) obtener evidencia

pertinente, (2) investigar a los testigos, (3) identificar al sospechoso, y (4) proceder a la presentación de la denuncia correspondiente, que servirá de base para la subsiguiente acción penal. Dora Nevares de Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, Quinta Edición Revisada, Instituto para el Desarrollo del Derecho, Inc., San Juan, Puerto Rico, 1998, pág. 25. Dentro de la etapa de la investigación penal, la identificación del sospechoso es crucial.

Al respecto, el Tribunal Supremo ha establecido que el ministerio fiscal sólo puede obtener un fallo o veredicto de culpabilidad si logra probar, más allá de duda razonable, que existe conexión entre el delito y el imputado del mismo. *Pueblo v. Mejías*, 160 D.P.R. 86, 92 (2003); *Valle v. ELA*, 157 D.P.R. 1, 21-23 (2002); *Pueblo v. Rodríguez Maysonet*, 119 D.P.R. 302, 309 (1987). No basta con probar que un ser humano fue asesinado; hay que probar, además, que fue el acusado quien lo mató. Ernesto L. Chiesa, *Derecho Procesal Penal: Etapa Investigativa,* **Publicaciones J.T.S.**, 2006, pág. 73.

La justicia e imparcialidad de un juicio depende de que se garantice la forma en que se identificó a la persona que se acusa de la comisión de un crimen. *Pueblo v. Gómez Incera*, 97 D.P.R. 249, 252 (1969). Esto, porque una identificación errónea en la etapa investigativa extrajudicial puede conducir a una identificación viciada y maculada en el juicio. Además, la admisión de prueba viciada sobre la identificación puede constituir una violación al debido proceso de ley. *Pueblo v. Ramos y Álvarez*, 122 D.P.R. 287, 311 (1988); *Pueblo v. Rodríguez Maysonet, supra.* Por estas particularidades, el Estado ha diseñado diversos procedimientos para identificar a los sospechosos de delito. Algunos de estos métodos de identificación son: (1) la rueda de detenidos, (2) la fotografía, (3) las huellas dactilares, entre otros. Dora Nevares de Muñiz, *op.cit.,* pág. 26. Examinemos los primeros dos procedimientos de identificación, pues son los pertinentes a la controversia que debemos resolver.

Las Reglas de Procedimiento Criminal definen la aplicabilidad y el proceso que debe realizarse al efectuarse la identificación extrajudicial de un sospechoso mediante una rueda de detenidos o la utilización de fotografías. Regla 252.1-252.2, de Procedimiento Criminal; 34 L.P.R.A. Ap. II, R. 252.1-252.2. Su propósito es reglamentar el procedimiento de identificación cuando éste es dirigido o controlado por los funcionarios del Estado, de manera que se pueda evitar que éstos interfieran indebidamente con los testigos, sugiriéndoles la persona que deben identificar. *Pueblo v. Mejías, supra*, pág. 92; *Pueblo v. Rodríguez Maysonet, supra*, págs. 310-311.

El mecanismo de rueda de detenidos es aplicable cuando algún funcionario del orden público somete a un sospechoso a este procedimiento para identificar al posible autor de un acto delictivo. Regla 252.1 de Procedimiento Criminal; 34 L.P.R.A. Ap. II, R. 252.1. De esta normativa legislativa, se puede inferir que la rueda de detenidos sólo podrá utilizarse, como medio de identificación de un acusado, si están presentes tres consideraciones: (1) la intervención de un funcionario del orden público, representativo de la maquinaria del Estado, (2) la existencia de un sospechoso, y (3) el desconocimiento del sospechoso, por parte de la víctima o el testigo. Sobre el particular, el Tribunal Supremo de Puerto Rico ha expresado que el método de identificación de la rueda de detenidos es aconsejable cuando el perjudicado o testigo del acto delictivo no conoce personalmente al sospechoso de la comisión del delito. *Pueblo v. Mejías, supra*, pág. 92; *Pueblo v. Robledo*, 127 D.P.R. 964, 968 (1991). No obstante, el profesor Chiesa indica que si era necesario efectuar una rueda de detenidos y no se efectuó, ello afectará más el valor probatorio que la admisibilidad de la identificación. Ernesto L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Vol. I, Colombia, Forum, 1991, pág. 222.

Por otra parte, los agentes y funcionarios del orden público pueden utilizar las fotografías, para identificar al posible autor de un acto delictivo, sólo si están presentes algunas de las siguientes circunstancias: (1) cuando por razones fuera del control de los agentes o funcionarios del orden público no fuere posible o necesario realizar una rueda de detenidos; (2) cuando no exista sospechoso del delito; y (3) cuando existiendo un sospechoso, éste se negare a participar en la rueda, o a su actuación o ausencia impidiese que la misma se efectúe adecuadamente. Regla 252.2 de Procedimiento Criminal; 34 L.P.R.A. Ap. II, R. 252.2. De esta disposición reglamentaria, se puede colegir que la aplicación del mecanismo de identificación de la fotografía requiere: (1) la intervención de

los funcionarios de la policía; (2) la inexistencia de un sospechoso; (3) la imposibilidad de identificar a un sospechoso a través de una rueda de detenidos. Esta tercera consideración plantea el siguiente cuestionamiento: ¿qué ocurriría si se efectúa una identificación por fotografías, a pesar de que existía un sospechoso y se podía celebrar una rueda de detenidos?

La jurisprudencia ha indicado que el simple hecho de que no se celebre una rueda de detenidos no tiene el efecto automático de viciar o hacer inadmisible en evidencia la identificación de un sospechoso que se realiza mediante un método distinto. *Pueblo v. Mejías, supra*, pág. 92; *Pueblo v. Robledo, supra*, pág. 968. Esto porque la rueda de detenidos es un instrumento en reserva para usarse cuando la confusión, el correr del tiempo, la difícil percepción, el recuerdo tenue, la inseguridad del testigo o cualquier otro factor en evaluación lógica enerve la razonable certeza exigida de quien señala al autor del delito. *Pueblo v. Rodríguez Maysonet, supra*, pág. 314; *Pueblo v. Suárez Sánchez*, 103 D.P.R. 10, 19 (1974).

Además se ha establecido que es permisible una identificación mediante fotografías, siempre que no medien circunstancias que impliquen sugestión o que requieran la utilización de otros mecanismos de identificación. *Pueblo v. Mejías, supra*, págs. 92-93; *Pueblo v. Rosso Vázquez*, 105 D.P.R. 905, 908 (1977). En ese sentido, el procedimiento de identificación mediante fotografías se sostiene a menos que se trate de una situación tan crasamente sugestiva que de lugar a una identificación errónea. *Pueblo v. Mejías, supra*, pág. 93; *Pueblo v. Rosso Vázquez, supra*, pág. 908; *Pueblo v. Figueroa Torres*, 102 D.P.R. 76, 79 (1974). El tratadista Chiesa coincide con esta apreciación al manifestar lo siguiente:

*"La identificación hecha mediante fotografías, en violación a la Regla 252.2, no necesariamente será inadmisible en evidencia. Y si resulta inadmisible por violación a la Regla, eso no implica la inadmisibilidad de la evidencia de identificación en el juicio por el mismo testigo."* Ernesto L. Chiesa, *Derecho Procesal Penal: Etapa Investigativa, op.cit.*, pág. 96.

Sin embargo, los métodos de identificación no son necesarios cuando la víctima o el testigo conocían al imputado antes de la comisión del delito a pesar de que desconocían su verdadero nombre, resulta innecesario la utilización de los métodos de identificación provistos por la Regla 252 de Procedimiento Criminal. *Pueblo v. Mattei Torres*, 121 D.P.R. 600, 608 (1988); *Pueblo v. Rodríguez Maysonet, supra*, pág. 313; *Pueblo v. Falú Martínez*, 116 D.P.R. 828, 841 (1986); *Pueblo v. García Reyes*, 113 D.P.R. 843, 848 (1983); *Pueblo v. Lebrón González*, 113 D.P.R. 81, 98-99 (1982). Otra circunstancia en que no se requiere la utilización de algún método de identificación es cuando la identificación del sospechoso fue realizada por el testigo o la víctima del delito, de forma espontánea y antes de que entrara en funciones la maquinaria judicial. *Pueblo v. Mattei Torres, supra*, pág. 608; *Pueblo v. Rodríguez Maysonet, supra*, 311-312; *Pueblo v. Bell Pound*, 101 D.P.R. 41, 43-44 (1973).

Las normas establecidas en la Regla 252 de Procedimiento Criminal se aplican con gran flexibilidad. Ernesto L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos, op.cit.*, pág. 242. Esta premisa está claramente evidenciada en la jurisprudencia. En casos donde ha ocurrido algún desvió de las disposiciones de la Regla 252.1 de Procedimiento Criminal, el Tribunal Supremo ha resuelto que no toda anormalidad en el proceso de identificación de un acusado acarrea la supresión de la evidencia de identificación o la revocación de una sentencia de convicción. *Pueblo v. Ortiz Pérez*, 123 D.P.R. 216, 223 (1989); *Pueblo v. De Jesús Rivera*, 113 D.P. R. 817, 821-824 (1983); *Pueblo v. Rivera Navarro*, 113 D.P.R. 642, 649-652 (1982). Además, los tribunales han validado la identificación de un acusado realizada durante el juicio, aun cuando la identificación efectuada durante la etapa investigativa resultare inadmisible, siempre y cuando la identificación posterior no dependa ni sea el producto de la sugestión. *Pueblo v. Torres Rivera*, 137 D.P.R. 630, págs. 637-638 (1994); *Pueblo v. Mattei Torres, supra*, pág. 607; *Pueblo v. Rey Marrero*, 109 D.P.R. 739, pág. 747 (1980).

Sobre el particular, la Profesora Resumil ha planteado que independientemente del momento procesal en que se celebre el procedimiento de identificación extrajudicial, de la pureza del mismo y de si se concedió el derecho

a asistencia de abogados en los casos requeridos, la confiabilidad es el eslabón que determina su admisibilidad judicial. Olga Elena Resumil de Sanfilippo, *op.cit.*, pág. 331. El Profesor Chiesa coincide con esta apreciación al expresar que el incumplimiento con alguna de las disposiciones de la Regla 252 no necesariamente conlleva la inadmisibilidad de la evidencia, sino que el *test* es atender a la totalidad de las circunstancias que condujeron a la identificación y determinar si la misma es o no confiable. Ernesto L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos, op.cit.*, págs. 241-242.

Esto implica que el método utilizado no es lo medular para identificar a un acusado. Lo importante es que la identificación sea una libre, espontánea y confiable. *Pueblo v. Ramos Álvarez*, 122 D.P.R. 287, 312 (1988); *Pueblo v. Rosso Vázquez, supra*, pág. 908. En ese sentido, para determinar si una identificación es válida se deben dilucidar dos cuestiones principales: (1) si es confiable; y (2) si al identificar al sospechoso no se cometieron irregularidades que afectaron irremediablemente los derechos sustanciales del acusado. *Pueblo v. Torres Rivera, supra*, pág. 637 (1994).

La norma prevaleciente para evaluar la confiabilidad de una identificación está fundamentada en el análisis de la totalidad de las circunstancias. *Pueblo v. Torres Ramos*, 121 D.P.R. 747, 751 (1988); *Pueblo v. Rodríguez Maysonet, supra*, págs. 309-310; *Pueblo v. Rey Marrero, supra*, pág. 749; *Pueblo v. Peterson Pietersz*, 107 D.P.R. 172, 183-185 (1978). Es decir, un procedimiento de identificación con algunos elementos de innecesaria sugestividad, prevalecerá si el juzgador de los hechos considera que éste es confiable a base de los siguientes cinco factores pertinentes: (1) la oportunidad que tuvo el testigo de observar al ofensor cuando cometía el crimen; (2) el grado de atención del testigo; (3) la corrección de la descripción previa del criminal realizada por el testigo; (4) el nivel de certeza demostrado por el testigo en la confrontación; y (5) el tiempo transcurrido entre el crimen y la confrontación. *Pueblo v. Mejías, supra*, pág. 93; *Pueblo v. Rodríguez Román*, 128 D.P.R. 121, 127 (1991); *Pueblo v. Ortiz Pérez, supra*, págs. 224-225; *Pueblo v. Mattei Torres, supra*, pág. 608; *Pueblo v. Rodríguez Maysonet, supra*, págs. 309-310; *Pueblo v. Peterson, supra*, págs. 183-187. Este análisis es aplicable tanto a la identificación mediante rueda de detenidos, como a la identificación por fotografías. *Pueblo v. Mejías Ortiz, supra*, págs. 92-96.

## B. Las cargas probatorias en una vista para supresión de identificación

Las Reglas de Evidencia disponen que el peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por ninguna de las partes. Regla 10, inciso A, de las Reglas de Evidencia; 32 L.P.R.A. Ap. IV, R. 10, inciso A. También, estas reglas, que se refieren al orden y suficiencia de la prueba, establecen que la obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en la cuestión en controversia. Regla 10, inciso B, de las Reglas de Evidencia; 32 L.P.R.A. Ap. IV, R. 10, inciso B. Esta normativa estatutaria pone de manifiesto la existencia de dos tipos de cargas probatorias: (1) la obligación de persuadir al juzgador para establecer una reclamación conforme a derecho, y (2) la obligación de presentar evidencia para establecer los hechos particulares que componen una controversia, dentro de la reclamación. Rolando Emmanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño,* Segunda Edición, Ediciones Situm, 2005, págs. 148, 150.

El peso de la prueba en una acción judicial se refiere a la obligación de convencer al juzgador sobre la forma particular en que ocurrieron los hechos que se alegan, de forma que se pueda prevalecer en el caso. Rolando Emmanuelli Jiménez, *op.cit.*, pág. 148; Ernesto L. Chiesa, *Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales,* Tomo II, **Publicaciones J.T.S.**, 2005, pág. 1003. Como regla general, esa obligación de persuadir al juzgador sobre la existencia de los elementos esenciales de una reclamación, acusación o causa de acción la tiene el demandante en un caso civil y el Ministerio Público en un caso criminal. Rolando Emmanuelli Jiménez, *op.cit.*, págs. 148-149; Ernesto L. Chiesa, *Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales, op.cit.*, pág. 1002. Durante el juicio criminal, esta carga probatoria de persuadir debe ser satisfecha por el Ministerio Fiscal con prueba más allá de duda razonable. Mientras, el demandante puede

satisfacer esta carga probatoria al cumplir con el estándar de preponderancia de la prueba.

Por su parte, la obligación de presentar evidencia se refiere a quién debe presentar prueba en primera instancia. Rolando Emmanuelli Jiménez, *op.cit.*, pág. 150. Esta carga probatoria está intrínsecamente relacionada con el concepto jurídico del peso de la prueba. Por esto, como regla general, la *obligación de presentar evidencia* recae, en los casos civiles, en el demandante y, en los casos criminales, en el Ministerio Público. No obstante, puede ocurrir que cada una de las partes en la controversia tenga la responsabilidad sobre una de las cargas probatorias. Es decir, una parte tiene el peso de la prueba, mientras la otra, que sostiene la afirmativa sobre cuestiones particulares, tiene la obligación inicial de presentar evidencia. Esta situación particular puede suscitarse cuando el demandado o el acusado presenta una defensa afirmativa. Regla 10, inciso B, de las Reglas de Evidencia, *supra*.

Ambas cargas probatorias pueden ser afectadas por las presunciones. En los casos civiles, las presunciones son obligatorias, por lo que su efecto no se limita a afectar la carga de presentar o producir evidencia, sino que también afecta la obligación de persuadir. Regla 14, de las Reglas de Evidencia; 32 L.P.R.A. Ap. IV, R. 14; Ernesto L. Chiesa, *Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales, op.cit.*, pág. 1004; Rolando Emmanuelli Jiménez, *op.cit.*, pág. 149. Sin embargo, en los casos criminales, las presunciones que se presentan contra un acusado tienen efecto sobre la obligación de presentar evidencia, pero no sobre la obligación de persuadir, siempre que se trate de un elemento del delito o de refutar una defensa. Ernesto L. Chiesa, *Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales, op.cit.*, págs. 1006-1007.

Otra consideración que altera la norma general respecto a las cargas probatorias son las determinaciones preliminares a la admisibilidad de evidencia que realiza el juez, de ordinario, previo al juicio en su fondo. Específicamente, las Reglas de Evidencia señalan que el juez tiene la facultad para decidir con carácter exclusivo la competencia de la prueba, lo cual incluye: (1) la capacidad de una persona para ser testigo, (2) la existencia de un privilegio, o (3) la admisibilidad de la evidencia. Regla 9, inciso A, de las Reglas de Evidencia; 32 L.P.R.A. Ap. IV, R. 9, inciso A; Rolando Emmanuelli Jiménez, *op.cit.*, pág. 149. Como regla general, la carga probatoria en una determinación de admisibilidad la tiene el proponente y la misma debe ser establecida a base del estándar de preponderancia de la prueba. Ernesto L. Chiesa, *Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales, op.cit.*, pág. 1100. No obstante, si una presunción ampara al proponente, las cargas probatorias se trasladan a la parte que objeta. *Pueblo v. Vázquez Méndez*, 117 D.P.R. 170, 174-179 (1986); Ernesto L. Chiesa, *Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales, op.cit.*, pág. 1100.

La audiencia para adjudicar la admisibilidad de una evidencia ocurre como una determinación preliminar bajo la Regla 9 (A) de Evidencia. Ernesto L. Chiesa, *Derecho Procesal Penal: Etapa Investigativa, op.cit.*, pág. 97. Usualmente se utiliza la moción de supresión de evidencia, la cual está reglamentada, en términos procesales, por las Reglas de Procedimiento Criminal. Concretamente, la normativa procesal dispone que toda persona agraviada, por un registro o allanamiento ilegal, puede presentar una moción para que se suprima la evidencia obtenida producto de la intervención ilegal de la maquinaria judicial del Estado. Regla 234, de las Reglas de Procedimiento Criminal; 34 L.P.R.A. Ap. II, R. 234. No obstante, la Constitución del Estado Libre Asociado de Puerto Rico expresamente dispone los requisitos para lograr una orden de registro y allanamiento. Art. II, sección 10.

Ante la presentación de una moción de supresión de evidencia, se debe atender el siguiente cuestionamiento: ¿si el registro o allanamiento se efectuó con o sin orden judicial? Esta interrogante es importante porque la misma activa dos presunciones: (1) todo registro sin previa orden judicial se presume inválido, y (2) todo registro fundado en previa orden judicial se presume válido. *Pueblo v. Ramos Santos*, 132 D.P.R. 363, 370 (1992); *Pueblo v. Narváez Cruz*, 121 D.P.R. 429, 436 (1988); *Pueblo v. Malavé González*, 120 D.P.R. 470, 476-477 (1988); *Pueblo v. Vázquez Méndez, supra*, pág. 176, *Pueblo v. Lebrón*, 108 D.P.R. 324, 329 (1979). Esto significa que en

la vista evidenciaria para adjudicar la moción de supresión, las cargas probatorias —la obligación de presentar evidencia y la obligación de persuadir—, recaerán en la parte afectada por la presunción. Ernesto L. Chiesa, *Derecho Procesal Penal: Etapa Investigativa, op.cit.,* pág. 141. Es decir, en los casos de registro sin orden judicial, las cargas probatorias las tiene el ministerio fiscal; mientras, en los casos de registro con orden judicial, las cargas probatorias le corresponden al acusado. *Pueblo v. Vázquez Méndez, supra,* pág. 176. Estas presunciones posibilitan que a la vista para adjudicar una moción de supresión de evidencia no le aplique la norma general de que en la determinación de admisibilidad, bajo la Regla 9 A de Evidencia, las cargas probatorias recaen en el proponente.

El recurso procesal de la moción de supresión de evidencia sólo es aplicable a los registros o allanamientos ilegales o irrazonables. La normativa constitucional y procesal mencionada no alude ni hace extensivo el procedimiento de la moción de *supresión de evidencia* a la moción de *supresión de identificación.* Son conceptos diferentes con requisitos constitucionales distintos.

La jurisprudencia ha extendido la aplicación procesal de la Regla 234 de Procedimiento Criminal a la moción de supresión de identificación. Olga Elena Resumil de Sanfilippo, *op.cit.,* pág. 341. El Tribunal Supremo lo ha expresado de la siguiente forma:

*"Si bien la Regla 234 de Procedimiento Criminal parece referirse a prueba objetiva o material, el mismo principio debe regir si se trata de suprimir testimonio que de resultar inadmisible obligaría a la desestimación de los cargos y la absolución del acusado. La razón de la regla es tanto de economía de tiempo como de gastos. Es contrario a esa economía esperar al día del juicio para hacer una pausa y dilucidar la cuestión colateral sobre admisibilidad de una prueba, cuyo ofrecimiento en el juicio debió anticiparse."* *Pueblo v. Rey Marrero, supra,* págs. 750-751.

Además, el Tribunal Supremo ha establecido que esta moción para supresión de identificación debe cumplir con los aspectos procesales y los términos señalados en la Regla 234 de Procedimiento Criminal. Es decir, la misma debe presentarse dentro del término de cinco días antes del juicio, a menos que: (1) se demuestre la existencia de justa causa para no haberla sometido dentro de dicho término, o (2) que al acusado no le constaren los fundamentos para la supresión, o (3) que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. *Pueblo v. Rey Marrero, supra,* págs. 750, 751; Regla 234 de las Reglas de Procedimiento Criminal, *supra.*

Sin embargo, no ha incorporado, como parte de la evaluación probatoria de la moción de supresión de identificación, las presunciones y el efecto de éstas en las cargas probatorias que están presentes en una vista para adjudicar la moción de supresión de evidencia. Tampoco se han agregado presunciones al análisis de las cargas probatorias en una vista de supresión de identificación.

En el ámbito de la identificación de un imputado de delito, se ha desarrollado un criterio relacionado a la confiabilidad de una identificación que requiere que el juzgador de los hechos evalúe la totalidad de las circunstancias para tomar una determinación. Al respecto, se ha expresado que para establecer que la prueba de identificación es inadmisible, se requiere que el imputado aporte prueba de los hechos que la hacen inadmisible. *Pueblo v. Rey Marrero, supra.* Además, la supresión de identificación es distinguible de la supresión de evidencia producto de un registro o allanamiento ilegal o irrazonable. Para este último, la propia Constitución dispone el procedimiento y requisitos de la intervención de una autoridad judicial que determine la existencia de causa probable apoyada en juramento. La Constitución del Estado Libre Asociado de Puerto Rico no estableció un procedimiento para la identificación de sospechosos de delito, pues ésta se relaciona a criterios de confiabilidad de acuerdo a la totalidad de las circunstancias.

El proceso de identificación difiere del proceso de supresión de evidencia, en el cual la presunción de validez o invalidez de un registro es una cuestión objetiva y de fácil determinación al examinar si se expidió o no una

orden judicial previa al registro o el allanamiento, tal y como lo requiere la Constitución. Asimismo, el que nuestra Constitución haya dispuesto que sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, posibilitó que el Tribunal pudiera establecer la norma de que una incautación sin orden judicial produce una presunción de invalidez y que una incautación con orden judicial levanta una presunción de validez. Art. II, Sec. 10, Const. E. L. A.; 1 L.P.R.A. sec. 10.

Por lo tanto, concluimos que a la audiencia para adjudicar una moción de supresión de identificación debe aplicar la norma general de que la carga de la prueba en una determinación preliminar de admisibilidad debe recaer en el proponente de la moción.

Sobre el particular, algunos tratadistas federales han establecido que, ante el planteamiento de que la identificación extrajudicial del acusado fue innecesariamente sugestiva, el peso de la prueba le corresponde a la defensa. Concretamente, se ha expresado que:

*"An identification procedure may also be challenged on the ground that it was so unnecessarily suggestive as to violate due process. In such circumstances many courts have assumed, typically without extensive discussion, that the defendant has the burden of proving the due process violation because he is the moving party."* Wayne R. LaFave, Jerold H. Israel y Nancy J. King, *Criminal Procedure,* Second Edition, Volume 3: Sections 8.1 to 12.5, West Group, St. Paul, Minn., 1999, page 431.

Sin embargo, en los casos en que la defensa logre establecer que el procedimiento de identificación fue uno innecesariamente sugestivo, el peso de la prueba cambia a la fiscalía quien tendrá que demostrar que bajo la totalidad de las circunstancias la identificación fue confiable. Específicamente, estos tratadistas manifiestan que:

*"Some jurisdictions have divided the burden of proof between the defense and the prosecution. Initially, the defense carries the burden of showing that the identification procedure was unnecessarily suggestive; if this is done, the burden [then] shifts to the state to show that, despite the infirmity, under the totality of the circumstances, the identification nevertheless was sufficiently reliable to be accepted under due process."*
Wayne R. LaFave, Jerold H. Israel y Nancy J. King, *op.cit.,* page 431.

En resumen, la defensa tiene el peso inicial de la prueba, la obligación de persuadir al juzgador y la obligación de presentar evidencia, para establecer que el procedimiento de identificación efectuado por la maquinaria del Estado fue uno innecesariamente sugestivo. Luego que la defensa logre establecer este elemento, el peso de la prueba se trasladará al Ministerio Público quien tendrá la responsabilidad de establecer que la identificación extrajudicial del acusado fue una confiable, a la luz de la totalidad de las circunstancias. Apliquemos la doctrina evidenciaria al caso, particularmente nuestra consideración.

### III

El señor Orsini Martínez recurrió ante este foro apelativo para argumentar que el Tribunal de Instancia erró en su determinación de denegar la moción de supresión de identificación. Los planteamientos principales del señor Orsini Martínez se limitaron a establecer que el tribunal de primera instancia erró al: (1) apreciar la prueba testifical y determinar que la identificación del señor Orsini Martínez era confiable, a la luz de la totalidad de las circunstancias; y (2) resolver que en una vista de supresión de identificación, la carga probatoria la tiene el acusado.

Las Reglas de Procedimiento Criminal han estructurado dos mecanismos para identificar a un sospechoso de la comisión de un delito. Estos son: (1) la rueda de detenidos, y (2) la fotografía. Estos métodos de identificación son utilizados por los agentes de la policía cuando no hay testigos oculares o cuando a pesar de que existen testigos oculares, éstos no conocen al sospechoso del delito. No obstante, el Tribunal Supremo ha establecido que estos procedimientos de identificación no son necesarios cuando: (1) la víctima o el testigo conocía al imputado

desde antes de la comisión del delito, aunque desconociera su verdadero nombre; y (2) el testigo o la víctima identifican al sospechoso del delito de forma espontánea y antes de que entrara en funciones la maquinaria judicial.

De acuerdo a las Reglas de Procedimiento Criminal, la rueda de detenidos debe ser la primera opción de los oficiales del orden público para identificar a un sospechoso de delito. No obstante, la jurisprudencia ha manifestado que el hecho de que no se celebre una rueda de detenidos no tiene el efecto automático de viciar o hacer inadmisible en evidencia la identificación de un sospechoso que se realiza mediante un método distinto. Todo ello se fundamenta en la premisa de que la rueda de detenidos es un instrumento en reserva para usarse cuando la confusión, el correr del tiempo, la difícil percepción, el recuerdo tenue, la inseguridad del testigo o cualquier otro factor en evaluación lógica enerve la razonable certeza exigida a quien señala al autor del delito.

El Tribunal Supremo ha manifestado que lo medular para identificar a un acusado no es el método utilizado, sino que la identificación sea confiable, a la luz de la totalidad de las circunstancias. A los fines de cumplir con el objetivo de que la identificación sea confiable, ésta debe considerar los siguientes cinco requisitos: (1) la oportunidad que tuvo el testigo de observar al ofensor cuando cometía el crimen; (2) el grado de atención del testigo; (3) la corrección de la descripción previa del criminal realizada por el testigo; (4) el nivel de certeza demostrado por el testigo en la confrontación; y (5) el tiempo transcurrido entre el crimen y la confrontación.

En el presente caso, el imputado confrontó las testigos Karla Nazario y Frances Álvarez con testimonios anteriores y el uso de fotos para identificar al imputado durante la audiencia que consideró la moción de supresión. Se cuestionó que el agente investigador les presentó fotos del imputado, pero no realizó una rueda de detenidos ni de fotos. El Tribunal de Instancia recibió los testimonios de la Sra. Karla Nazario Torres y la Sra. Frances Álvarez Torres y entendió que la identificación del señor Orsini Martínez, alias el *Cano*, como el alegado asesino del occiso Sostre Miranda era una confiable, a la luz de los cinco factores mencionados. El Tribunal de Instancia validó su determinación al creer los testimonios que incluyeron, entre otros, declaraciones sobre los siguientes hechos: (1) ambas testigos conocían al acusado por sus apodos *Cano* o *Cano Biombo*, con anterioridad a la fecha en que ocurrió el asesinato; (2) ambas testigos sabían que el *Cano* era el *bichote* en un *punto* de drogas en La Trocha y que era del pueblo de Bayamón; (3) la señora Álvarez Torres había visto al señor Orsini Martínez más de 50 veces, previo al asesinato; (4) la señora Álvarez Torres era esposa del occiso Sostre Miranda, el cual, a su vez, era el *bichote* del *punto* de Altos de Cuba; (5) ambas testigos conocían al señor Orsini Martínez desde hace dos años; (6) las testigos fueron las que informaron a la policía la identidad del autor; (7) ambas testigos vieron al acusado en el lugar de los hechos y antes de la balacera; (8) ambas testigos estaban a 20 pies de donde ocurrieron los hechos, en un lugar alumbrado por las luces de una cancha cercana, los postes de luz y las luces provenientes de la tarima del cantante *Divino*; (9) la señora Nazario Torres observó al *Cano* solicitar y recibir un arma de fuego; (10) la señora Álvarez Torres escuchó la primera detonación y vio al *Cano* caminar detrás de su esposo, morderse los labios y lo escuchó decirle *mama bicho*, mientras le seguía disparando; (11) ambas testigos coincidieron en la descripción de la vestimenta del señor Orsini Martínez, la cual incluía una gorra, mahones y camisa blanca; (12) ambas testigos coincidieron en la descripción física del señor Orsini Martínez: tez blanca, grueso, de ojos claros y pelo rubio o claro; (13) ambas testigos identificaron al señor Orsini Martínez, por su apodo, apenas dos días después de la muerte del occiso Sostre Miranda. (Véase: Apéndice XII del señor Orsini Martínez: Resolución de Tribunal de Primera Instancia, 17 de marzo de 2008, págs. 26, 28-29). [1]

Los hechos descritos por las partes evidencian que el imputado estableció su carga inicial, pues demostró que no se utilizó una rueda de detenidos o identificación por fotos. El Ministerio Público, por su parte, cumplió su carga de prueba y presentó prueba en torno a las circunstancias que dan confiabilidad a la identificación conforme a los criterios definidos en nuestra jurisprudencia.

Lo medular era determinar si la identificación del señor Orsini Martínez, por la señora Nazario Torres y la señora Álvarez Torres, fue una confiable a la luz de la totalidad de las circunstancias. En otras palabras, el que las

cargas probatorias recayeran en el Ministerio Público y no en el acusado no iba cambiar el resultado. El Tribunal de Instancia concluyó que la identificación del señor Orsini Martínez fue una confiable a la luz de la totalidad de las circunstancias y para alcanzar tal conclusión evaluó y aquilató los testimonios presentados. Concedemos deferencia a las conclusiones de apreciación de la prueba del Tribunal de Instancia y procede confirmar su decisión.

Como regla general, al ser la vista para adjudicar la supresión de una identificación una determinación preliminar de admisibilidad de evidencia, bajo la Regla 9 A de Evidencia, *supra*, la carga probatoria recae sobre la parte proponente de la moción. Esta premisa sólo variaría si existiera alguna presunción que ampara al proponente e invierte la carga probatoria hacia la parte que objeta los fundamentos de la moción de supresión de identificación. A pesar de que el Tribunal Supremo hizo aplicable a la moción de supresión de identificación el aspecto procesal de la moción de supresión de evidencia, no le hizo extensiva ni incorporó presunción alguna que afectara la regla general sobre la carga probatoria en una vista de supresión de identificación. Por lo tanto, el Tribunal de Primera Instancia actuó correctamente al establecer que en una vista de supresión de identificación la carga probatoria, la obligación de persuadir y la obligación de presentar evidencia, le corresponde al acusado señor Orsini Martínez.

El Tribunal Supremo ha establecido claramente que los foros apelativos sólo intervendrán con la apreciación de la prueba que haga el Tribunal de Instancia, cuando se demuestre que la intervención del juzgador sobre los hechos en controversia se encuentra viciada por pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Irizarry*, 156 D.P.R. 780, 788-789 (2002); *Trinidad v. Chade*, 153 D.P.R. 280, 291 (2001); *Pueblo v. Acevedo Estrada*, 150 D.P.R. 84, 99 (2000); *Pueblo v. Torres Rivera*, 137 D.P.R. 630, 641 (1994); *Pueblo v. Bonilla Romero*, 120 D.P.R. 92, 111 (1987). Esto implica que los tribunales apelativos deben rendir deferencia a la apreciación de la prueba que realiza un tribunal de instancia porque se encuentran en mejor posición para aquilatar la prueba testifical desfilada porque oyeron y vieron declarar a los testigos. *Pueblo v. Acevedo Estrada*, supra, pág. 99; *Pueblo v. Bonilla, supra*, pág. 111; *Pueblo v. Mendoza Lozada*, 120 D.P.R. 815, 820 (1988); *Pueblo v. Caban Torres*, 117 D.P.R. 645, 653-654 (1986).

El señor Orsini Martínez no presentó ante este foro judicial una transcripción de la prueba testifical, un resumen de la prueba oral o una exposición narrativa que validara el hecho de que la identificación que de éste efectuaron las testigos Nazario Torres y Álvarez Torres no cumplía con los cinco factores que definen si una identificación es o no confiable. En otras palabras, el señor Orsini Martínez no puso a este foro apelativo en posición para descartar la adjudicación de hechos y descargar su función revisora. Sobre el particular, el Tribunal Supremo ha sido enfático al establecer que los foros apelativos no pueden intervenir con la apreciación de la prueba que realice el tribunal de instancia, en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Cuando el apelante o peticionario señale en su recurso de *certiorari* algún error, relacionado con la suficiencia de la prueba testifical o con la apreciación de la prueba por parte del Tribunal de Primera Instancia, debe someter al foro apelativo una transcripción, el resumen de prueba oral o una exposición narrativa. Regla 29, inciso (A) y (B), del Reglamento del Tribunal de Apelaciones, 4 A L.P.R.A. Ap. XXII-B; Regla 76, inciso (A), del Reglamento del Tribunal de Apelaciones, *supra*; Regla 54.2 y 54.3, de las de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Álvarez. v. Rivera*, 165 D.P.R. \_\_\_ (2005), **2005 J.T.S. 90**; *Rivera v. Pan Pepín, Inc., supra*, pág. 686. De esta forma, el foro apelativo estará en posición para descargar su función revisora con mayor certeza, convicción moral y conciencia judicial. *Pueblo v. Moreno Valentín,* **2006 J.T.S. 115**, 168 D.P.R. \_\_\_ (2006).

## IV

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se confirma la resolución del Tribunal de Primera Instancia.

Notifíquese **inmediatamente** vía facsímil, además de por la vía ordinaria.

Así lo pronunció el Tribunal y lo certifica la Secretaria.

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

**ESCOLIO 2008 DTA 86**

**1.** Los hechos mencionados se desprenden de la minuta correspondiente al día de la audiencia de la supresión y la resolución del Juez de Instancia objeto del *certiorari*.